**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV16-5218 PA (SSx) | | Date | November 28, 2016 |
|---|---|---|---|---|
| Title | George Assad v. Ceres, Inc., et al | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      In Chambers - Order

Plaintiff filed a Complaint with this Court on July 15, 2016. On October 17, 2016, the Court issued an Order to Show Cause re: Lack of Prosecution in light of the plaintiff's apparent failure to serve defendant. The Order specifically warned plaintiff that the Court would dismiss this action for failure to file an appropriate response by October 27, 2016. To date, no response to the Court's Order has been filed with this Court.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260–61 (failure to comply with court orders).

/ / /

/ / /

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV16-5218 PA (SSx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | George Assad v. Ceres, Inc., et al | | |

      Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless a plaintiff has been notified that dismissal is imminent.  See <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, the Court cautioned Plaintiff about the possibility of dismissal in the Court's October 17, 2016. Accordingly, Plaintiff's action is dismissed without prejudice for failure to prosecute and for failure to comply with the Court's Orders.

      IT IS SO ORDERED.

: _____

Initials of Preparer      SMO